[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
(RE: MOTION TO REOPEN DEFAULT JUDGMENT)
The defendants suffered a judgment against them after a hearing in damages on October 7, 1998. The defendant had been represented by counsel, who, moved to withdraw his appearance on September 10, 1998. That motion was not acted upon.
On July 22, 1998, the defendants were defaulted for failure to appear for pre-trial conference and the matter was scheduled for Hearing In Damages on October 7, 1998. Notice of the hearing would have been sent to both Attorney Bass, who had appeared for both defendants and to David Bacchiochi who had a pro-se appearance in the file. Neither the defendant nor Attorney Bass appeared at the Hearing in Damages.
In order to open a default judgment, the moving party must show reasonable cause that a good defense existed and that [the defendant] was prevented by mistake, accident or other reasonable cause from appearing to make the same. P.B. § 17-43.
The defendant Bacchiochi, is also the president of the corporate defendant, Charter Lumber Co., Inc. In his supporting affidavit he alleges he was overwhelmed by financial matters and unable to hire an attorney. But there was an appearance from an attorney in the file as of December 5, 1997, in addition to Bacchiochi's pro-se appearance. An answer was filed by Attorney Bass, which negates his claim that he was prevented from filing a defense because of mistake, accident or reasonable cause.
The fact is the defendant failed to show up for a pre-trial conference, and failed to show-up for the hearing in damages. No effort was made for a continuance of either occurrence.
This Court cannot conclude that the defendants were prevented from presenting a defense because of mistake, accident or reasonable cause. Mere inattention to the case is not sufficient cause.
While the motion to reopen is denied for said reasons, it is noted that the claimed defense is that the floor installed by the defendants showed no defect for four years after the work was CT Page 3307 done. The complaint alleges the work was done approximately February 1995 and the suit was commenced in September 1997.
The motion to reopen is denied.
Klaczak, J.